
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2014

JULIA C. DOOLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PERCIVAL NORMAN FENTON, | ) | CASE NO. 7:14CV00174 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00025 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| PERCIVAL NORMAN FENTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Percival Norman Fenton, a former federal inmate proceeding pro se, filed this petition for a writ of error coram nobis, seeking to vacate the federal criminal judgment entered against him on September 13, 2007, on the ground that he did not understand the charges or the plea agreement terms. Because Fenton's current version of events stands in direct contradiction of his statements under oath during the guilty plea colloquy, the court concludes that his claims are frivolous and dismisses his coram nobis petition without need for any further proceedings.

# I

Fenton collected payments from various hospitals in western Virginia between 2000 and 2006 for conducting inspections and tests on nuclear medical equipment. Federal authorities developed evidence in 2005, however, that Fenton did not have the necessary education and certification to perform these tests and had used invalid educational degrees and falsified credentials to convince medical facilities to hire him for work he was not qualified to do. The government's evidence indicated that Fenton had fraudulently collected more than a $1,000,000 in this manner.

Confronted with the government's evidence, Fenton waived indictment and pleaded guilty, pursuant to a written plea agreement, to a 49-count information. The information charged Fenton with 48 counts of obtaining money by false pretenses using the United States mail, in violation of 18 U.S.C. § 1341, and one count of perjury, in violation of 18 U.S.C. § 1623(a). Fenton's plea agreement, pursuant to Fed. R. Crim P. 11(c)(1)(C), fixed his custody range under the U.S. Sentencing Manual ("the guidelines") at 46 to 57 months imprisonment for each count, with the sentences to run concurrent with each other. The agreement also stipulated that Fenton agreed to pay $400,000.00 in restitution, based on his relevant conduct.

Pursuant to the plea agreement, the court sentenced Fenton to a total of 54 months in prison and a three-year term of supervised release. The judgment stated that the total loss to Fenton's victims was in excess of a million dollars, but ordered him to pay $400,000 in restitution, with payments going to all of his victims in pro rata shares.

Fenton did not appeal the convictions or sentences. Instead, he challenged his convictions unsuccessfully through a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241; a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255; and a prior petition for a writ of coram nobis under § 1651.[1]

Fenton styles the instant petition as a "MOTION IN BRIEF UNDER 28 U.S.C. § 1651 (CORAM NOBIS—ALL WRITS) TO CORRECT OR MODIFY SENTENCE BY A PERSON NO LONGER IN FEDERAL CUSTODY." Fenton alleges that counsel never explained to him that he was pleading guilty to 48 instances of fraud, rather than fraud against 48 victims, and that counsel did not advise him that the restitution order was not limited to losses caused by the criminal acts to which he pleaded guilty. Fenton asserts that he only discovered the actual charges and the restitution formula in 2011, after he filed his § 2255 motion. He contends that he would never have accepted the plea agreement if he had known of counsel's alleged errors and that his guilty plea should, therefore, be vacated as uninformed and involuntary.

## II

A court may issue a writ of error <u>coram nobis</u> under the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice." United States v. Bazuaye, 399 F. App'x. 822, 824 (4th Cir. 2010) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). "To be entitled to <u>coram nobis</u> relief, the petitioner must demonstrate all of the following conditions: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or

---

[1] See Fenton v. United States, NO. 7:12CV00106/5:07CR00025, 2012 WL 1533155 (W.D. Va. 2012) (denying coram nobis relief, dismissing as successive § 2255 motion based on defendant's supervised release status); United States v. Fenton, Case Nos. 5:07CR00025, 5:11CV80354, 2011 WL 3880936 (W.D. Va. Sept. 1, 2011) (dismissing § 2255 motion as untimely filed), appeal dismissed, 455 F. App'x 316 (4th Cir. Nov 23, 2011); Fenton v. United States, Civil Action No. 1:11CV36, 2011 WL 5041220 (N.D. W.Va. Oct. 24, 2011) (adopting report and recommendation denying relief under § 2241 because Fenton did not satisfy standard in In re Jones, 226 F.3d 328, 333–34 (4th Cir.2000)), report and recommendation, 2011 WL 5041229 (N.D. W.Va. May 19, 2011).

3

controversy requirement of Article III; and (4) the error is of the most fundamental character." Id. at 824 (internal quotation and citation omitted).

The writ of coram nobis was traditionally "available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself," such as the defendant's being under age or having died before the verdict. United States v. Mayer, 235 U.S. 55, 68 (1914). Other examples of facts and circumstances justifying coram nobis relief include the defendant's immunity from prosecution for diplomatic reasons, the defendant's insanity, after-discovered evidence of misconduct by the prosecution or the jury, and officials' coercion of witnesses to offer perjurious testimony. United States v. Morgan, 346 U.S. 502, 507-11 (1954) (other citations omitted).

Fenton fails to present any such fundamental error of fact in support of his coram nobis petition. The prosecutor, Fenton's own attorney, and the court all knew and understood the nature of the charges in the information and the fact that the restitution amount was calculated based on Fenton's relevant conduct, not merely the charges to which he pleaded guilty. Fenton's alleged, newly discovered misunderstanding of these facts does not equate to a fact so fundamental as to undermine the validity of the entire court proceeding and resulting judgment.

In any event, in the collateral review context, the court need not take Fenton's current assertions as true, when they are fully contradicted by the record. It is well established that "in collaterally attacking a plea of guilty a prisoner may not ordinarily repudiate statements made . . . when the plea was entered." Blackledge v. Allison, 431 U.S. 63, 73 (1977) (internal quotation and citations omitted). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

Fenton's current allegations about his misunderstanding of the information and the plea agreement terms are "wholly incredible" in light of his contrary statements during the plea colloquy. The information to which Fenton pleaded guilty expressly stated "[t]he computer payment checks sent by [these victims to Fenton] are set out in the chart below, each such instance being a separate count of this Information . . . ." (ECF No. 1, at 22.) The plea agreement expressly stated that Fenton was "agree[ing] to pay restitution based upon the entire scope of [his] criminal conduct, not just the charges to which [he was] pleading guilty." (ECF No. 8, at Para. 6.) The plea agreement also stated that Fenton was agreeing that he was "responsible for restitution in the amount of $400,000." (Id.) During his plea colloquy, Fenton affirmed to the court that he had received a copy of the information and reviewed it with counsel, understood the charges to which he was pleading guilty, and had read and reviewed with counsel the plea agreement and understood its terms. (ECF No. 16, at 2.) Fenton's current allegations that counsel failed to explain these facts to him, when compared to his statements to the court, are implausible and subject to summary dismissal as frivolous.

For the reasons stated, the court summarily dismisses Fenton's coram nobis petition. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 13th day of May, 2012.

_____
Chief United States District Judge